

**FILED**
MAY 2 3 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID W. BURTON,<br><br>Plaintiff,<br><br>vs.<br><br>BOB DOOLEY, Warden, Mike Durfee State Prison; MATT TRENTHAIL, training instructor with NCCER, governor's housing project, and ICAP supervisor at Mike Durfee State Prison; STEVE MARUSKA, governor's housing project supervisor and director at Mike Durfee State Prison; JAMI TUREEN, training specialist at Southeast Job Link at Yankton, SD, Mike Durfee State Prison and NCCER representative,<br><br>Defendants. | CIV. 06-4067<br><br>ORDER ALLOWING<br>PLAINTIFF TO AMEND COMPLAINT |

Plaintiff was an inmate at the Mike Durfee State Prison, Springfield, South Dakota, at the time he filed his complaint, and is now housed at the South Dakota State Penitentiary. Plaintiff alleges two charges "resulting in Prisoner Civil Rights & constitutional Violations." "Charge # 1 is Fraud" and "Charge # 2 is Criminally Negligent." For relief he requests appointed counsel "to conduct any necessary hearings, including evidentiary hearings and submissions to the court of proposed findings of fact and recommendations for the disposition of this case." His complaint has been screened as is required by 28 U.S.C. § 1915.

**DISCUSSION**

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).

The gist of his complaint is that while he was participating in the Inmate Carpentry Apprenticeship Program (ICAP), a federally funded program, he was directed to lay carpet in six show houses. He alleges that laying carpet is not one of the approved ICAP functions, but he was told his work would be recorded as one of the approved ICAP functions and he would be given a certificate for completing level II of the ICAP program. It took him 126 hours to lay the carpet. He did not receive the level two certificate. The stated reason was that he quit the ICAP program. Mr. Burton alleges he didn't quit, but was terminated for his own safety because others were threatening his life and causing a riotous atmosphere at the housing project. Jami Terveen was his personal training instructor and was one of the persons who ordered him to do the carpet laying project. Steve Maruska and Matt Trenthail are the supervisors who allegedly deliberately and fraudulently deceived the ICAP program out of these hours and federal dollars. Allegedly, Mr. Burton, too, was deceived by their fraudulent promises. Mr. Burton lost 126 ICAP training hours and never received a level II certificate. He alleges his civil and constitutional rights were violated, but he does not identify which civil or constitutional rights.

Conceivably Mr. Burton's claims involve rights created by the state of South Dakota which are protected by the Fourteenth Amendment right to due process, or perhaps involve equal protection claims under the Fourteenth Amendment. Prisoners have no constitutional right to educational or vocational opportunities during incarceration. Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992). It would be dubious for a prisoner to claim there is a liberty interest to continue to participate

in a post institutional care program which arises from the Fourteenth Amendment itself. Hake v. Gunter, 824, F.2d 610,613 (8th Cir. 1987)(park crew work detail). A crucial distinguishing fact is whether the prisoner is being deprived of a liberty one already has or whether the prisoner is being denied a conditional liberty he desires. Hake at 615. Mr. Burton wants credit toward the requirements of his carpentry apprentice program for126 hours of work which he has already performed. He is claiming a right which he claims he already has, i.e., credit toward the carpentry apprentice requirements for work he already performed— work allegedly within the apprentice program. A liberty interest under the Fourteenth Amendment can arise can arise from only two sources: (1) the Fourteenth Amendment itself or (2) a state created liberty interest protected by the Fourteenth Amendment. Callender v. Sioux City Residential Treatment Facility, 88.F.3d 666,668 (8th Cir. 1996). Since the liberty interest in this case cannot arise from the Fourteenth Amendment itself (Hake), one must look to state statutes or regulations to determine whether the state created a liberty interest in this case which is protected by the Fourteenth Amendment. A state creates a liberty interest by placing substantive limitations on official discretion. DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990). The most common way a liberty interest is created by the state is by establishing substantive predicates to govern official decision making and by mandating the outcome upon a finding the relevant criteria have been met. DeGidio at 934. A liberty interest is created when the statute or regulation in question mandates that if the predicates are met, a particular outcome must follow. Id.

To establish denial of equal protection of the laws under the Fourteenth Amendment, Mr. Burton would need to establish that he is similarly situated to others who were given what he was denied, and that there was no rational basis related to a legitimate state purpose for the unequal treatment. Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992).

Mr. Burton has failed to allege a state statute or regulation which describes the required guidelines of the carpentry apprentice program and has failed to allege that he satisfied the guideline requirements of level II, entitling him the certificate of accomplishment. Indeed, he has alleged he did not complete the program required to achieve level II. He has failed to allege a state statute or regulation which mandates the outcome he desires, i.e. the level II certificate or 126 hours of credit toward the requirements of level II. He has failed to allege that others similarly situated to him were given what he was denied, and that there was an absence of a rational basis for his denial of the same benefit.

His claim that somebody has defrauded the federal government fails as a matter of law to state a claim upon which relief can be granted in favor of Mr. Burton. His claim of being victimized by their fraud was described above. That others allegedly defrauded the federal government, if true, could lead to criminal charges or civil claims to which they must respond in the future, but does not give rise to a separate cause of action under § 1983 for Mr. Burton.

It is ORDERED that plaintiff is allowed until not later than June 30, 2006, to amend his complaint to cure the pleading deficiencies. His amended complaint will be re-screened. His complaint will be recommended for dismissal if he fails to timely amend.

Dated this 23rd day of May, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: Jackie Meisenheimer, Deputy